```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CRAIG MOSKOWITZ,
                                                                    Civil Action No.: 09cv8846
                    Plaintiff,
        -against-                                                   AMENDED
                                                                    COMPLAINT
KCA FINANCIAL SERVICES, INC., and
JOHN and JANE DOES 1 – 10,                                          DEMAND FOR JURY TRIAL

                    Defendant(s).
-------------------------------------------------------------X
```

Plaintiff CRAIG MOSKOWITZ ("Plaintiff" and/or "Moskowitz") by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant KCA FINANCIAL SERVICES, INC. ("KCA") and JOHN and/or JANE DOES 1–10 ("Does") (KCA and Does hereinafter individually and jointly referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his/her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), as well as certain state law claims.

## PARTIES

2.      Plaintiff is a resident of the State of New York, residing at 501 Seven Fields Lane, Brewster, New York 10509.

3.      Defendant KCA is corporation with a business address at 628 North Street, Geneva, Illinois 60134.

4. KCA is a "debt collector" as the phrase is defined and used in the FDCPA

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, Defendant, on behalf of a third-party Chase Auto Finance *(sic)* ("Chase"), and on a date better known to Defendant, began collecting an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about October 3, 2009, Defendant forwarded to Plaintiff a letter offer a settlement of the Alleged Debt, the settlement monies due no later than October 30, 2008.

10. During on or about October, 2008, Defendant first attempted contact with the Defendant regarding the Alleged Debt, the Defendant placing a phone calls to the Plaintiff ("Defendant's Phone Calls").

11. During the Defendant's Phone Calls, the Defendant, through one of its collectors referred to as Mr. Foley *(sic)*, stated that Plaintiff had twenty four hours to acknowledge the Alleged Debt "or else" ("Defendant's First Statement").

12. During the Defendant's Phone Calls, the Defendant, through one of its collectors referred to as Mr. Foley *(sic)*, challenged the Plaintiff to "sue" and KCA

("<u>Defendant's Second Statement</u>").

13.  On or about October 30, 2008, the Defendant, speaking again with the Plaintiff, stated that the Alleged Debt was in the amount of $7,000.00, this even though the Defendant knew the Alleged Debt was substantially less ("<u>Defendant's Third Statement</u>").

14.  During the Defendant's Phone Calls, the Defendant, through one of its collectors referred to as Mr. Foley *(sic)*, stated that if the Alleged Debt wasn't satisfied by October 30, 2008, then the matter would be forwarded back to Chase ("<u>Defendant's Fourth Statement</u>").

15.  The Defendant's First Statement, Defendant's Second Statement, Defendant's Third Statement and Defendant's Fourth Third Statement are collectively hereinafter referred to as "Defendant's Statements".

16.  During the Defendant's Phone Calls, the Defendant failed to provide the required disclosures/notices.

17.  Despite the Plaintiff's communicated requests, the Defendant continued its harassing effort to collect the Alleged Debt from the Plaintiff.

18.  With the culmination of the Defendant's Statements, the Defendants violated <u>15 USC §1692e(5)</u>, <u>15 USC §1692e(10)</u>, <u>15 USC §1692e</u> , <u>15 USC §1692d(5)</u>, and/or <u>15 USC §1692d</u>- preface .

19.  The Defendant's October 3rd Letter stated that the amount of settlement was $1645.00 and that the settlement was due in their office no later than 10/30/08.

20.  The Defendant sent the Plaintiff a second letter dated October 15th and received approximately October 22nd, 2009. The letter deceptively state that  "Your payment of $1645.00 is due 10/30/08 with a bolded and larger print on the next line stating

"JUST TO REMIND YOU….."

21. The Defendant's deceptively, and misleadingly changed the wording in the October 3rd letter from Amount of Settlement $1645.00 to Your Payment of $1645.00 in the October 15th letter.

22. The October 3rd Letter further stating "This settlement is due in our office no later than 10/30/08…" and the October 15th Letter specifically stating: "Your next payment is due in our office on the above date (10/30/08).

22. Therefore, the Defendant's mislead the Plaintiff into thinking that a payment of $1645.00 was actually a settlement – as the first letter clearly gave the Plaintiff till 10/30/08 to settle the debt for $1645.00. There was no notice in either letter that the offer was conditional and would be withdrawn at any time or modified before the 30th of October.

23. The Defendant's Second letter violated 15 USC §1692e preface, 15 USC §1692e (10), and 15 USC §1692f – preface.

24. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e(5), 15 USC §1692e(10), 15 USC §1692e , 15 USC §1692d(5), and/or 15 USC §1692d, violated 15 USC §1692e preface, 15 USC §1692e (10), and 15 USC §1692f –

preface.

27.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

28.     Plaintiff CRAIG MOSKOWITZ hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CRAIG MOSKOWITZ demands judgment from the Defendants KCA FINANCIAL SERVICES, INC. and JOHN and/or JANE DOES 1–10 as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.  For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

D.  A declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         December 10th, 2009

                              Respectfully submitted,

                              By:_____
                              M. Harvey Rephen, Esq. (MR3384)

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

*Attorneys for the Plaintiff CRAIG MOSKOWITZ*


To:   KCA FINANCIAL SERVICES, INC.
      628 North Street
      Geneva, Illinois 60134
      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Southern District of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO.:


CRAIG MOSKOWITZ ,

                                  Plaintiff(s),

    -against-

KCA FINANCIAL SERVICES, INC.
and JOHN and/or JANE DOES 1 – 10,

                                  Defendant(s).


_____


## COMPLAINT

_____


*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (212) 330-7582*


_____

# M. HARVEY REPHEN & ASSOCIATES, P.C.
**708 Third Avenue, 6th Floor**
**New York, New York 10017**
**Phone:    (212) 796-0930**
**Facsimile: (866) 832-8600**

October    , 2009

<u>VIA FEDERAL EXPRESS</u>

KCA FINANCIAL SERVICES, INC.
628 North Street
Geneva, Illinois 60134

    Re:    Craig Moskowitz v. KCA Financial Services, Inc., et. al.
            Docket/Case Number:  09 CIV _____

Dear Sir/Madam:

In regard to the above matter, please find enclosed the following:

    (i)    Two copies of the filed "Summons In A Civil Action";
    (ii)    Two copies of the filed "Complaint";
    (iii)    A "Notice of Lawsuit and Request For Waiver of Service of Summons"; and,
    (iv)    Two copies of the "Waiver Of Service Of Summons".

If you have any questions please do not hesitate to contact me.

                      Very truly yours,

                      M. Harvey Rephen

MHR/ar
enclosures

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

To:   KCA FINANCIAL SERVICES, INC.
      628 North Street
      Geneva, Illinois 60134

A lawsuit has been commenced against you *(or the entity on whose behalf you are addressed)*. A copy of the Complaint is attached to this 'Notice of Lawsuit and Request For Waiver of Service of Summons' ("Notice"), It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 09 CIV _____.

This is not a formal summons or notification from the court, but rather a request that you sign and return the enclosed 'Waiver of Service' ("Waiver") in order to save the costs of serving you with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if I received a signed copy of the Waiver within forty-five (45) days after the date designated below as the date on which this Notice is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the Waiver is also attached for your records.

If you comply with this request and return the signed Waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent *(or before 90 days from that date if your address is not in any judicial district of the United States)*.

If you do not return the signed Waiver within the time indicated. I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure ("FRCP") and will then, as authorized by the FRCP, ask the Court to require you *(or the party on whose behalf you are addressed)* to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the Waiver form.

I affirm that this request is being sent to you on behalf of the Plaintiff this ____ day of October, 2009.

By:_____
M. Harvey Rephen, Esq. (MR3384)
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930

# WAIVER OF SERVICE OF SUMMONS

To:  **M. HARVEY REPHEN & ASSOCIATES, P.C.**

I, _____ *(Defendant Name)* acknowledge receipt of your request that I waive service of a summons in the action of **Craig Moskowitz v. KCA Financial Services, Inc.**, et. al., which is case/docket number 09 CIV _____ in the United States District Court, for the Southern District of New York.

I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I *(or the entity on whose behalf I am acting)* be served with judicial process in the manner provided by Federal Rules of Civil Procedure Rule 4.

I *(or the entity on whose behalf I am acting)* will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me *(or the party on whose behalf I am acting)* if an answer or motion under Federal Rules of Civil Procedure Rule 12 is not served upon you within 60 days after October   ___ , 2009, or within 90 days after that date if the request was sent outside the United States.


Dated:        October   ___ , 2009


By:_____
Name:       _____
Title:       _____
Firm:        _____
Address:

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will he required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object 10 the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.